IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRAIRIE BAND OF POTAWATOMI NATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DIRK KEMPTHORNE,  )<br>Secretary of the Interior, <u>et al.</u>,  )<br>)<br>Defendants.  )<br>_____) | Case No. 1:05cv02496 (JR) |

**PARTIES' JOINT STIPULATION, [PROPOSED] ORDER, AND EXHIBIT 1
REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA,
AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF**

WHEREAS Plaintiff Prairie Band of Potawatomi Nation ("Plaintiff") has filed this case seeking declaratory and injunctive relief against Defendants related to the trust accounting and trust management responsibilities allegedly owed by Defendants to Plaintiff;

WHEREAS the Defendants may provide Plaintiff's attorney(s) of record, as well as Plaintiff's officers, employees, representatives, and designated consultants or experts ("Plaintiff's Designees"), with access to certain documents, data, and other materials within the possession, custody, or control of Defendants, principally the United States Department of the Interior ("Interior") and the United States Department of the Treasury ("Treasury"), and of the United States Department of Justice ("DOJ");

WHEREAS such documents, data, and other materials may contain information regarding Plaintiff or the funds, lands, or resources which were managed or might have been managed by Defendants for or on behalf of Plaintiff;

WHEREAS such documents, data or other materials may contain information relating to

tribes and/or individuals not parties to this litigation;

WHEREAS such documents, data, and other materials in the possession, custody, or control of Defendants—principally Interior and Treasury—and of DOJ may contain information that Defendants assert and designate as being subject to protection from disclosure (1) pursuant—but not limited—to the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money (IIM) accounts; Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; (2) as confidential business information; or (3) because it relates to Indian Tribes and/or Indian individuals not parties to this litigation; and

WHEREAS such documents, data, and other materials will hereinafter be termed "Confidential Materials" for purposes of this Joint Stipulation and Order.

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. This Joint Stipulation and Order govern the provision of Confidential Materials by Defendants to Plaintiff, regardless of the context (<u>i.e.</u>, in litigation, ADR, or informal settlement discussions) in which the provision occurs.

2. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation. Any information designated as Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and Plaintiff's designee(s), and such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Joint Stipulation and Order or in any further Order that this Court may enter.

3. Any documents, data, or other materials made available by Defendants to Plaintiff's attorney(s) or Plaintiff's designee(s) for inspection in this case shall be deemed Confidential for purposes of the inspection. Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendants may agree to forego Defendants' review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendants shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff. All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under this Joint Stipulation and Order. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Joint Stipulation and Order. Alternatively, Plaintiff may request that Defendants review certain endorsed documents, data, or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Joint Stipulation and Order.

4. Documents, data, or other materials relating exclusively to individuals, other Tribes, or entities, or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendants agree that such production would be

appropriate and necessary for the purposes of this case. In the event that the parties agree that such documents, data, or other materials should be produced to Plaintiff, Defendants shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, or other materials to Plaintiff.

5. Plaintiff and Defendants shall share equally the costs of copying or imaging the documents, data, and other materials to be produced to Plaintiff. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

6. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the Confidential Materials.

7. Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing Plaintiff herein; and (3) Plaintiff's designees in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached hereto as Exhibit

1, and provide the Affidavit to Plaintiff's attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with Local Civil Court Rule ("LCvR") 5.1(j) of the United States District Court for the District of Columbia and other applicable court rules, policies, and Orders.

9. It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Joint Stipulation and Order, to control duplication of, access to, and distribution of the Confidential Materials.

10. All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Joint Stipulation and Order shall be returned to counsel for Defendants or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings,

if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 7 of this Joint Stipulation and Order who still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to Defendants' counsel upon request.

11. If Plaintiff disputes Defendants' assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendants in writing and state therein the grounds for disputing Defendants' assertion and designation of confidentiality. Within 30 days of Defendants' receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendants' assertion and designation regarding confidentiality.

12. Until further order of this Court, this Joint Stipulation and Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

Respectfully submitted this 14th day of November, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*/s/ Patricia A. Marks, by /s/ Kevin J. Larsen*
*pursuant to written authorization*
*on November 14, 2007*
PATRICIA A. MARKS
United States District Court Bar #22672
15992 A.E. Mullinix Road

*/s/ Kevin J. Larsen*
ANTHONY P. HOANG, FL Bar #798193
KEVIN J. LARSEN, AZ Bar #019865
United States Department of Justice

Woodbine, MD  21797-8440
Tel:  (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA  90067-4107
Tel:  (310) 552-3800
Fax: (310) 552-9434

THOMAS V. GIRARDI
KEITH GRIFFIN
Girardi & Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
Tel:  (213) 977-0211
Fax: (213) 481-1554

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel:  (310) 858-6944
Fax: (818) 905-7038

Attorneys for Plaintiff

Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

## [PROPOSED] ORDER

SO ORDERED.

Date: _____

_____
HON. JAMES ROBERTSON
United States District Court

# EXHIBIT 1 TO
# PARTIES' JOINT STIPULATION REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF, <u>AND [PROPOSED] ORDER</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRAIRIE BAND OF POTAWATOMI NATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, <u>et al.</u>, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:05cv02496 (JR) |

## **AFFIDAVIT OF CONFIDENTIALITY**

STATE OF _____,

    1.    My name is _____. I live at _____. I am serving as (counsel) (an expert) (a paralegal or legal assistant) on behalf of _____ in the above-captioned case.

    2.    I certify that I have read and understood the entire Joint Stipulation of Confidentiality, as well as Order, both of which are attached hereto and incorporated herewith as Exhibit A. I agree to undertake and abide fully and completely by the terms of the Joint Stipulation of Confidentiality and Order.

    3.    In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged proprietary information; I agree to keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as authorized by the attached Joint Stipulation of Confidentiality and Order; and I shall not use the Confidential Materials, or the facts

and information contained therein, for any purpose, except as authorized by the Joint Stipulation of Confidentiality and Order.

      4.      I agree that, upon (a) the termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned or destroyed all such Confidential Materials, as set forth in the attached Joint Stipulation of Confidentiality and Order.

      5.      I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the attached Joint Stipulation of Confidentiality and Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

_____
(NAME OF AFFIANT)

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _____ 2007.

_____
NOTARY PUBLIC